IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Derrick Furtick, | ) | C/A No.: 1:10-923-RMG-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Sgt. Daniel Cotter, Ofc. Robertson, and Ofc. Whaley, | ) | |
| Defendants. | ) | |

Plaintiff Derrick Furtick ("Plaintiff"), who is proceeding *pro se* in this action, is an inmate at Perry Correctional Institutional ("PCI"). Plaintiff has asserted claims under 28 U.S.C. § 1983, alleging violations of his constitutional rights. Before the court is Plaintiff's Motion to Dismiss, filed on Aug 13, 2010 [Entry #21]. The motion states in its entirety: "I[,] Plaintiff Derrick Furtick #289439[,] hereby request for dismiss[al] of [this] lawsuit on all Defendants' Sgt. Daniel Cotter, Ofc. Whaley, and Ofc. Robertson." Defendants have not opposed the motion and it is ripe for review.[1]

The court construes Plaintiff's motion as a motion for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), which provides in pertinent part, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). This rule

---

[1] The court notes for the record Entry #20, which Plaintiff indicates is a copy of a request he sent to Defendants' attorneys of an offer of compromise to settle or dismiss the lawsuit in exchange for being released from lockup. The court expresses no opinion on the offer of compromise contained in Entry #20 and proposes this Report and Recommendation on the independently filed motion contained in Entry #21.

permits a plaintiff to dismiss his case without prejudice, but requires that the plaintiff obtain court approval. *See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993). The main purpose of the rule is to freely permit voluntary dismissals while safeguarding the non-movant from prejudice. *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).

Generally, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied unless the defendant will suffer prejudice. *See Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). "Factors a district court should consider in ruling on such motions are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Gross v. Spies*, 133 F.3d 914 (Table), at *5 (4th Cir. Jan. 13, 1998) (internal citations omitted). These factors do not represent an exhaustive list, however, and any other case-specific factors should be considered by the district court. *Id.* "Courts generally agree, however, that the mere prospect of a second lawsuit is not sufficient prejudice to justify denying a motion for voluntary dismissal." *Id.* (internal citations omitted). Similarly, "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." *Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987).

Here, Defendants do not appear to have expended great efforts or expense preparing for trial, as Plaintiff filed his motion 14 days after Defendants filed their

2

answer. Additionally, Defendants have not prepared a response to the motion to dismiss. Plaintiff has not demonstrated a lack of diligence in this matter, as he filed the motion to dismiss shortly after Defendants filed an answer and before any deadlines in the scheduling order expired. Although Plaintiff has not stated any reasons for requesting the lawsuit be dismissed, Defendants have not opposed the motion. Finally, the case is still in the early stage of litigation, as no summary judgment motions are pending.[2] Therefore, after weighing the above-stated factors and in light of Defendant's lack of opposition, the undersigned recommends Plaintiff's motion be granted [Entry #21] and this case be dismissed without prejudice.

IT IS SO RECOMMENDED.

November 10, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] On November 9, 2010 Defendants filed a motion to enlarge the time within which to file dispositive motions [Entry #26]. If the court accepts this Report and Recommendation, Defendants' motion will be rendered moot.